## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 5330 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| 401 N. WABASH VENTURE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Michael Burke ("Burke") filed a purported class-action complaint against defendant 401 N. Wabash Venture, LLC. (the "developer"). Defendant has moved to dismiss. For the reasons set forth below, the Court grants defendant's motion.

**I.     Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in plaintiff's complaint. The Court also considers the documents plaintiff attached to his complaint. *See* Fed.R.Civ.P. 10(c).

Plaintiff Burke wants his deposit back for a condominium unit he agreed to purchase but on which he failed to close. Defendant 401 N. Wabash, LLC developed a building at 401 N. Wabash in Chicago. The building includes several hundred condominium units, which defendant ventured to sell.

In or about December 2006, plaintiff Burke entered a purchase agreement with defendant for the purchase of unit 31K and two parking spaces. Plaintiff paid an earnest money deposit of 25% of the more than $2,000,000.00 purchase price.

On or about August 5, 2008, defendant set a closing date of August 7, 2008. Defendant also provided Burke a copy of the condominium's Declaration and a copy of a Special Amendment to the Declaration. The Special Amendment stated that a sixth floor of parking had been added to the building. Plaintiff asserts that defendant had previously made a material misrepresentation with respect to the number of parking spaces that would be included in the building. Plaintiff asserts that the inclusion of an additional floor of parking reduced the value of his parking spaces and increased the amount of maintenance fees he would be required to pay.

Plaintiff refused to close on the unit. Defendant refused to return his earnest money deposit, based on a liquidated damages clause in the purchase agreement. Plaintiff filed three claims against defendant, and defendant moves to dismiss.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127

S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

**III.** **Discussion**

A federal court must always assure itself that it has jurisdiction over a claim before it. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). "The party invoking jurisdiction bears the burden of establishing [jurisdiction] . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Life*, 504 U.S. 555, 561 (1992). In their complaint, plaintiff asserts that this Court has jurisdiction pursuant to the Class Action Fairness Act.

Under the Class Action Fairness Act, this Court has jurisdiction over civil class actions where the amount in controversy is greater than $5,000,000.00 and "any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332 (d)(2)(B). The citizenship of an LLC is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (internal citations omitted). Here, plaintiff has alleged that plaintiff is a citizen of a foreign state and that defendant is a defendant of a State. In the ordinary diversity situation, where every plaintiff must be diverse from every defendant, the Court would require more specific allegations, including the precise states of which the parties are citizens. Where, as here, however, it does not matter *which* foreign state plaintiff is a citizen of or *which* State defendant is a citizen of, the Court does not

require more specific allegations than are provided here. *See Karazanos v. Madison Two Associates*, 147 F.3d 624, 627 (7th Cir. 1998) (concluding that vague allegation that a party was a citizen of a foreign state was sufficient).[1] In addition, plaintiff allege that the amount in controversy is greater than $5,000,000.00. Accordingly, the Court concludes that it has jurisdiction under the Class Action Fairness Act.

### A. Plaintiff's first consumer fraud claim

In Count I, plaintiff asserts that defendant violated the Illinois Consumer Fraud and Deceptive Trade Practices Act. That Act provides, in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . are hereby declared unlawful whether any person has in fact been mislead, deceived or damaged thereby.

815 ILCA 505/2.

In Count I, plaintiff alleges that defendant violated the Illinois Consumer Fraud and Deceptive Trade Practices Act by "inserting into the contract a [liquidated damages] provision which also allows Defendant to sue for additional damages[.]" The purchase agreement at issue includes a liquidated damages provision that, in essence, says that if the purchaser defaults, the seller can keep the earnest money deposit. The contract further states:

> In accordance with Section 1703(d) of the Interstate Land Sales Full Disclosure Act, if Seller is otherwise entitled to the liquidated damages described above, Seller shall return to Purchaser amounts paid to Seller (excluding interest paid

---

[1] The plaintiff, however, is reminded that at the summary judgment stage, allegations will not suffice. Plaintiff would do well to inquire about the citizenship of defendant's members and its members' members so that plaintiff can meet the evidentiary burden at successive stages of this litigation.

under the Purchase Agreement) in excess of: (x) 15% of the Purchase Price (excluding any interest paid under the Purchase Agreement) or (y) the amount of Seller's actual damages, whichever is greater.

(Purchase Contract at 7). Plaintiff argues that this clause violates the Illinois Consumer Fraud and Deceptive Trade Practices Act by giving the seller the choice between liquidated damages and actual damages.

Defendant moves to dismiss Count I on the grounds that the allegedly unlawful clause is authorized by federal law and, therefore, does not violate the Illinois Consumer Fraud and Deceptive Trade Practices Act. *See Bober v. Glaxco Wellcome PLC*, 246 F.3d 934, 943 (7th Cir. 2001) (dismissing Illinois Consumer Fraud and Deceptive Trade Practices Act claim on 12(b)(6) motion due to section 10(b) of the Illinois Consumer Fraud and Deceptive Trade Practices Act). Section 10(b) of the Illinois Consumer Fraud and Deceptive Trade Practices Act states, "Nothing in this Act shall apply to any of the following: (1) Actions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." *See* 815 ILCS 505/10(b). As the Illinois Supreme Court has noted, "mere compliance with applicable law does not necessarily bar Consumer Fraud Act liability. Instead, the conduct at issue must be specifically authorized." *Price v. Philip Morris, Inc.*, 219 Ill.2d 182, 249 (Ill. S.Ct. 2006).

In this case, defendant argues that the contract language to which plaintiff objects is authorized by the Interstate Land Sales Full Disclosure Act.[2] That Act allows a purchaser to

---

[2] The parties do not dispute that the Interstate Land Sales Full Disclosure Act is applicable to defendant's development.
In three short sentences in its brief, plaintiff states (not argues) that the Interstate Land Sales Full Disclosure Act is unconstitutional. The Court deems this undeveloped argument waived.

revoke (for a period of two years) a contract if the developer fails to include certain provisions.

One of the provisions the developer is, thus, strongly encouraged to include is:

> that, if the purchaser or lessee loses rights and interest in the lot as a result of a default or breach of the contract or agreement which occurs after the purchaser or lessee has paid 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, the seller or lessor (or successor thereof) shall refund to such purchaser or lessee any amount which remains after subtracting (A) 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, or the amount of damages incurred by the seller or lessor (or successor thereof) as a result of such breach, which ever is greater, from (B) the amount paid by the purchaser or lessee with respect to the purchase price of the lot, excluding any interest paid under the contract or agreement

15 U.S.C. § 1703(d)(3). This section of the Interstate Land Sales Full Disclosure Act thus not only authorizes but strongly encourages the inclusion of the very provision plaintiff says violates the Illinois Consumer Fraud and Deceptive Trade Practices Act. Because the provision is authorized by a federal statute, it does not violate the Illinois Consumer Fraud and Deceptive Trade Practices Act. *See* 815 ILCS 505/10(b).

Plaintiff has failed to state a claim under the Illinois Consumer Fraud and Deceptive Trade Practices Act in Count I. Accordingly, defendant's motion to dismiss is granted with respect to Count I, and Count I is dismissed with prejudice.

### B. Plaintiff's Count III.

In Count III, plaintiff asserts another claim under the Illinois Consumer Fraud and Deceptive Trade Practices Act. To state a claim under the Act, a plaintiff must allege: "(1) a deceptive act or practice, (2) intent on the defendants' part that plaintiff rely on the deception, and (3) that the deception occurred in the course of conduct involving trade or commerce." *Siegel v. The Levy Org. Dev't Co., Inc.*, 153 Ill.2d 534, 542 (Ill. S.Ct. 1992).

As best the Court can tell, plaintiff is alleging that defendant made "material misrepresentations concerning the number of parking" spots in the 401 N. Wabash building. Plaintiff alleges that he "bargained in good faith" based on an understanding as to the number of parking spaces that would be in the building. Plaintiff alleges that defendant made a material change to the condominium's declaration when it added an additional floor of parking spaces. These additional spaces, plaintiff asserts, decreased the value of parking spaces in the building and increased the maintenance expenses to be spread amount the units in the building.

Defendant points out a number of problems with plaintiff's Count III. For example, fraud must be alleged with particularity. *See* Fed.R.Civ.P. 9(b). Plaintiff fails to state what material misrepresentations were made, by whom, to whom and when those material misrepresentations were made. Accordingly, plaintiff has failed to state a claim in Count III. Defendant's motion to dismiss is granted as to Count III. The Court dismisses Count III without prejudice.[3]

### C. Plaintiff's conversion claim

In Count II, plaintiff asserts a claim for conversion. Plaintiff asserts that he was entitled to the return of his earnest money deposit and that defendant has refused to return it.

To state a claim for conversion under Illinois law, a plaintiff must allege that "(1) [he] has a right to the property; (2) [he] has an absolute and unconditional right to the immediate

---

[3]The Court also notes that if those alleged misrepresentations were made in the purchase agreement, then plaintiff likely has only a claim for breach of contract, and a breach of contract is not actionable under the Illinois Consumer Fraud and Deceptive Trade Practices Act. *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 901 (7th Cir. 2006) (affirming dismissal of claim where "[t]he 'deception' that [plaintiff] now claims is nothing more than the failure to fulfill that promise . . ."); *Avery v. State Farm Mutual Auto. Ins. Co.*, 216 Ill.2d 100, 835 N.E.2d 801, 844 (Ill. Sup. Ct. 2005).

possession of the property; (3) [he] made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione v. Johnson*, 184 Ill.2d 109, 703 N.E.2d 67, 70 (Ill. S.Ct. 1998). As defendant points out, plaintiff's alleged entitlement to the return of his earnest money deposit is dependant on his stating a claim under Count I or III. (Plaintiff did not respond to this argument.) As those counts failed to state a claim, so this one fails as well. Accordingly, the Court grants defendant's motion to dismiss Count II. Count II is dismissed without prejudice.

**IV.     Conclusion**

For the reasons set out above, the Court grants defendant's motion to dismiss. Count I is dismissed with prejudice. Counts II and III are dismissed without prejudice. Plaintiff is granted leave, should he so choose, to file an amended complaint within 28 days.

ENTER:

/s/ George M. Marovich

George M. Marovich
United States District Judge

DATED:   July 28, 2009