UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 5330 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| 401 N. WABASH VENTURE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

After the Court dismissed his first two complaints (in rounds one and two), plaintiff Michael Burke ("Burke") filed a second-amended complaint against defendant 401 N. Wabash Venture, LLC. (the "developer"). The second-amended complaint included sixteen counts. The Court struck Counts IX, X, XI, XII and XV, because, in those counts, plaintiff had attempted to re-plead claims the Court had already dismissed with prejudice. Defendant now moves to dismiss the remaining claims in the first-amended complaint. For the reasons set forth below, the Court grants in part and denies in part the motion to dismiss.

**I.    Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in plaintiff's second-amended complaint. The Court may consider the documents plaintiff attached to his complaint. *See* Fed.R.Civ.P. 10(c). The Court may also consider documents referred to in plaintiff's complaint and central to his claim (so long as the documents do not require discovery to authenticate or disambiguate), because those documents are considered part of the pleadings. *See Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002).

In this case that means the Court considers the 2003 Property Report, which plaintiff referred to in his complaint and defendant attached to its motion to dismiss. This should come as no surprise to plaintiff since the Court considered the 2003 Property Report when it dismissed plaintiff's first-amended complaint. Still, plaintiff asked the Court to convert defendant's motion to a motion for summary judgment. The Court declined, because the Court had (and still has) no intention of considering matters outside the pleadings. When it so ruled, the Court instructed plaintiff as follows:

> Should plaintiff believe that any matters defendant submitted in connection with its motion to dismiss are outside the pleadings, the plaintiff should so argue in its response to the motion to dismiss and should support its argument with citations to legal authority.

(Dkt. No. 85). Plaintiff failed to do so. Instead, plaintiff *assumed* (incorrectly) that everything attached to defendant's motion was outside the pleadings and refused to address those documents in his response to defendant's motion. Burying one's head in the sand is a strategy, but it is not a good one.

Plaintiff Burke wants his deposit back for a condominium unit he agreed to purchase but on which he failed to close. Defendant 401 N. Wabash, LLC developed a building at 401 N. Wabash in Chicago. The building includes several hundred condominium units, which defendant ventured to sell.

In or about December 2006, plaintiff Burke entered a purchase agreement (the "Agreement") with defendant for the purchase of unit 31K and two parking spaces. Plaintiff paid an earnest money deposit of more than $400,000.00. At the time, defendant gave plaintiff a copy of the Property Report dated September 24, 2003 (the "2003 Property Report"). Among other things, the 2003 Property Report stated:

> The Condominium will contain approximately three hundred twenty-six (326) residential dwelling units that the Developer currently intends will occupy floors forty (40) through forty-eight (48) and fifty-one (51) through eighty-eight (88) in the Building, an undetermined number of unit parking spaces within the above-ground parking facilities that the Developer currently intends will be located on some of floors three (3) through twelve (12) in the Building (provided that the unit parking spaces will occupy only a portion of such above-ground parking garage area, and the balance of the above-ground parking garage area will be occupied by the public parking garage facility more fully described below) . . .

(2003 Property Report at 2).

On or about August 5, 2008, defendant set a closing date of August 7, 2008. Defendant also provided Burke a copy of the condominium's Declaration and a copy of a Special Amendment to the Declaration. The Special Amendment stated that the sixth floor would be used for parking spaces. Plaintiff asserts that turning the sixth floor into parking lowered the value of his parking space and increased the amount of maintenance fees he would be required to pay. In addition, in or about October 2007, defendant issued a Fourth Property Report. In the Fourth Property Report, as compared to the September 2003 Property Report, annual common expenses (which would be charged to the unit owners) increased to $7,328,455 from $5,595,700. Finally, plaintiff asserts that defendant put only $69,584 in reserves.

Plaintiff refused to close on the unit. Defendant refused to return his earnest money deposit. This suit followed.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344

F.3d 655, 657 (7th Cir. 2003). Legal conclusions, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (rejecting, as conclusory, allegations that defendants "knew of, condoned, and willfully and maliciously" engaged in conduct). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Iqbal*, 129 S.Ct. at 1950.

### III.    Discussion

    **A.    Plaintiff's claims that defendant breached the contract by not seeking plaintiff's approval for changes**

In Counts I, II, and III of the second-amended complaint, respectively, plaintiff again alleges that defendant breached its agreement with plaintiff by: I) using the sixth floor for parking, II) making changes to the budget, and III) providing inadequate reserves when the developer turned over the building to the condominium association. The Court previously dismissed these claims, because plaintiff failed to cite any contract provision that had been breached and, therefore, failed to state a plausible claim.

This time, plaintiff cites a contract provision he believes defendant breached. The contract defendant is alleged to have breached is the Agreement between plaintiff and defendant for the sale of the unit at 401 N. Wabash. (Plaintiff attached a copy of the Agreement to his second-amended complaint.) The Agreement states, in relevant part:

> Prior to closing, Seller will cause the Declaration of Condominium Ownership and of Easements, Restrictions, Covenants and By-Laws for the Residences at 401 North Wabash Avenue, a Condominium ("Condominium Declaration") to be recorded in the Office of the Recorder of Deeds of Cook County, Illinois ("Recorder's Office"). Purchaser acknowledges that Seller Delivered to Purchaser prior to Purchaser's execution of this Purchase Agreement a copy of (1) the Condominium Declaration which includes a copy of the By-Laws of the Association ("By-Laws"), (2) the proposed first year's budget for the Association ("Budget"), (3) the Floor Plan of the Purchased Unit, (4) the property report ("Property Report") required by Chapter 13-72 of the Municipal Code of Chicago and (5) all other items required by Section 22 of the Act. The Condominium Declaration, By-Laws, Budget, Floor Plans and such other documents required by Chapter 13-72 of the Municipal Code of Chicago and Section 22 of the Act, as amended from time to time, are collectively called the "Condominium Documents." Purchaser acknowledges that Purchaser has had the opportunity to review the Condominium Documents. *Seller reserves the right, in its sole and absolute discretion, to modify the Condominium Documents*, together with the Articles of Incorporation of the Association and the Statement of Record required by the Interstate Land Sales Full Disclosure Act (the "HUD") report, *provided that Seller shall notify Purchaser or obtain the Purchaser's approval of any changes* in the Condominium Documents, the HUD Report and any such other documents, as the case may be, *when and if such notice or approval is required by law*.

(Agreement ¶ 4(a) (emphasis added)). Plaintiff's theory is that defendant made a contractual promise to seek plaintiff's approval for changes to the Property Report when such approval was required by law and that, by making changes without seeking plaintiff's approval when plaintiff's approval was required by law, defendant breached the contract. Plaintiff asserts that the law that required defendant to obtain plaintiff's approval before making changes is § 22 of the Illinois Condominium Property Act.

Plaintiff's breach of contract claims have a fatal flaw, which is that plaintiff has not pointed to any law that required defendant to obtain plaintiff's permission before making changes to the Property Report. Section 22 of the Illinois Condominium Property Act states "no changes or amendments may be made in any of the items furnished to the prospective buyer which would materially affect the rights of the buyer or the value of the unit without obtaining the approval of 75% of the buyers then owning interest in the condominium." 765 ILCS § 605/22. It does not, however, require a developer to obtain any *particular* purchaser's agreement before changing the Property Report. Because plaintiff has failed to point to a law that required defendant to obtain plaintiff's permission before making changes to the Property Report, plaintiff's breach of contract claims fail to state a claim. *See Goldberg v. 401 N. Wabash Venture LLC*, Case No. 09 C 6455, 2010 WL 1655089 at *12 (N.D. Ill. April 22, 2010).

Counts I, II and III are dismissed.

B. **Plaintiff's claims for consumer fraud**

In Counts IV and V, plaintiff asserts that defendant violated the Illinois Consumer Fraud and Deceptive Trade Practices Act. To state a claim under the Act, a plaintiff must allege: "(1) a deceptive act or practice, (2) intent on the defendants' part that plaintiff rely on the deception, and (3) that the deception occurred in the course of conduct involving trade or commerce." *Siegel v. The Levy Org. Dev't Co., Inc.*, 153 Ill.2d 534, 542 (Ill. S.Ct. 1992).

In Count IV, plaintiff asserts that defendant violated the Act by increasing the condo association's budget during the time between the 2003 Property Report (which plaintiff alleges he received when he signed the Agreement) and 2008, when defendant disclosed an amended budget. The Court dismissed this claim previously, because such a claim was not actionable unless defendant knew, when it gave plaintiff the budget in 2006, that the operating budget would actually be much higher than defendant was telling plaintiff. Plaintiff has cured this defect by pleading that defendant knew the budget in the Property Report was "unrealistically low and that it would be greatly increased."

Notwithstanding that change to plaintiff's claim, defendant argues that plaintiff still fails to state a claim, because the Property Report that plaintiff actually received included a budget that was *higher* than the final budget disclosed in 2008. Specifically, defendant puts forth an affidavit stating that the Property Report plaintiff actually received when he signed the Agreement in December 2006 was *not* the 2003 Property Report (as plaintiff alleges in his second-amended complaint) but actually the 2005 Property Report. Defendant has attached a copy of the 2005 Property Report, which, according to defendant, discloses a budget that is *higher* than the actual budget in 2008. Thus, defendant argues, plaintiff can have no claim for fraud. The problem with defendant's argument, however, is that the Court must take as true

plaintiff's allegation that he received the 2003 Property Report. The Court cannot consider the 2005 Property Report, because it was not a document that was mentioned in plaintiff's second-amended complaint and, therefore, is outside of the pleadings. So, while defendant may have the makings of a promising summary judgment motion, it has not shown that plaintiff has failed to state a claim.

Defendant also argues that Count IV fails to state a claim, because the Agreement allowed defendant to make changes to the Property Report. Nothing in the Agreement, however, allowed defendant knowingly to understate the budget in an attempt to attract buyers. *See Goldberg*, 2010 WL 1655089 at * 8. The Court will not dismiss Count IV.

In Count V, plaintiff alleges that defendant knowingly set the reserves in the operating budget at an unrealistically low level in order to induce potential purchasers to buy units in the building. Defendant makes essentially the same arguments for why this claim should be dismissed as it made with respect to Count IV, and the Court rejects the arguments. Plaintiff has stated a claim in Count V.

### C. Plaintiff's claims for constructive fraud

In Counts VI and VII, plaintiff asserts claims for constructive fraud. Plaintiff asserts that defendant breached a fiduciary duty to plaintiff when it changed the operating budget (Count VI) and failed to maintain sufficient reserves (Count VII). Defendant moves to dismiss these claims, because defendant owes no fiduciary duty to plaintiff. The Court agrees with defendant.

Plaintiff asserts that the fiduciary duty defendant owed plaintiff arises from § 9(c) of the Illinois Condominium Property Act, which requires condominium boards to adopt budgets that provide for "reasonable reserves for capital expenditures." 765 ILCS 605/9(c). Based on this

provision, courts have concluded that a condominium developer owes a fiduciary duty *to the condominium association* to maintain adequate reserves. *See Board of Mgrs. of Weathersfield Condo. Assoc. v. Schaumburg Ltd. Partnership*, 717 N.E.2d 429, 435 (Ill. App.Ct. First Dist. 1999); *Maerker Pt. Villas Condo. Assoc. v. Szymski*, 655 N.E.2d 1192, 1195-1196 (Ill. App.Ct. 2nd Dist. 1995). As this Court has already concluded in this litigation, these cases do not stand for the proposition that the developer owes a fiduciary duty to a *prospective purchaser* who never becomes a unit owner. Plaintiff has put forth no case that suggests defendant owed a fiduciary duty to him, and he lacks standing to sue on behalf of the condominium association.

Accordingly, the Court agrees that plaintiff has failed to state a claim in Counts VI and VII. Those claims are dismissed.

### D. Plaintiff's claim for rescission

Once again, plaintiff seeks to rescind the agreement he made with defendant. This time, in Count VIII, plaintiff asserts that he is allowed to rescind the contract, because it included what he considers to be an unenforceable liquidated damages clause (i.e., a penalty).

The purchase agreement includes a liquidated damages provision that, in essence, says that if the purchaser defaults, the seller can keep the earnest money deposit. The contract further states:

> In accordance with Section 1703(d) of the Interstate Land Sales Full Disclosure Act, if Seller is otherwise entitled to the liquidated damages described above, Seller shall return to Purchaser amounts paid to Seller (excluding interest paid under the Purchase Agreement) in excess of: (x) *15% of the Purchase Price (excluding any interest paid under the Purchase Agreement) or (y) the amount of Seller's actual damages, whichever is greater.*

(Agreement at ¶12(a)) (emphasis added). The italicized language is the language plaintiff asserts constitutes an unlawful liquidated damages penalty.

In round one, plaintiff argued that this language violated the Illinois Consumer Fraud and Deceptive Trade Practices Act. In rejecting the argument, as a matter of law, this Court explained how "the Interstate Land Sales Full Disclosure Act . . . not only authorizes but strongly encourages the inclusion of the very provision plaintiff says violates the Illinois Consumer Fraud and Deceptive Trade Practices Act." (Opinion at 6).

Now, plaintiff argues that the provision is an unenforceable liquidated damages penalty and that, accordingly, plaintiff may rescind the contract. The Court need not consider whether the clause is an unenforceable liquidated damages clause under Illinois law. Under Illinois law, even if the liquidated damages clause is unenforceable, the remedy is not, as plaintiff would like, to rescind the contract. The remedy is *actual* damages. *See Grossinger Motorcorp, Inc. v. American Nat'l Bank and Trust*, 240 Ill.App.3d 737, 752 (Ill.App.Ct. First Dist. 1993) ("In sum, we conclude that the liquidated damages provision is unenforceable and that consequently defendant is only allowed to recover actual damages resulting from the breach."). Because the inclusion of an unenforceable liquidated damages provision is not grounds for rescission, plaintiff's claim for rescission fails as a matter of law.

Count VIII is dismissed with prejudice.

### E.     Plaintiff's claim for declaratory judgment

In Count XIII, plaintiff seeks a declaratory judgment that defendant breached its Agreement with plaintiff, inserted an unenforceable liquidated damages clause in the Agreement and violated the Illinois Condominium Property Act. In other words, plaintiff seeks a declaration that it should win all of its other claims, including claims that were previously dismissed with prejudice. This claim is redundant, and, therefore, it is stricken.

### F. Plaintiff's Count XIV

In Count XIV, plaintiff brings another claim for breach of contract. The provision that plaintiff claims defendant breached is the provision that states:

> In accordance with Section 1703(d) of the Interstate Land Sales Full Disclosure Act, if Seller is otherwise entitled to the liquidated damages described above, Seller shall return to Purchaser amounts paid to Seller (excluding interest paid under the Purchase Agreement) in excess of: (x) 15% of the Purchase Price (excluding any interest paid under the Purchase Agreement) or (y) the amount of Seller's actual damages, whichever is greater.

(Agreement at ¶12(a)) (emphasis added).

Plaintiff alleges that he signed an Agreement in December 2006 for unit 31K and two parking spaces. Plaintiff alleges that he put down an earnest-money deposit of $456,426.00, which constituted 20% of the purchase price. (Agreement at ¶ 1(b)). Plaintiff's theory is that defendant breached the contract by not refunding to him the difference between his earnest money deposit and the greater of (a) 15% of the purchase price or (b) seller's actual damages. If plaintiff prevails on this claim, he would be entitled to a refund of up to $114,106.50 of his earnest-money deposit.

Plaintiff's claim assumes that the seller's actual damages are not greater than 20% of the purchase price. Plaintiff makes *no* allegations about the seller's actual damages. Instead, plaintiff alleges that defendant "has failed to prove actual damages." The contract does not say that defendant must prove actual damages, and defendant is not the party attempting to state a claim. It is plaintiff who must allege a plausible claim. As is widely understood, the value of residential real estate has fallen precipitously since December 2006, when plaintiff entered the contract. In order to turn Count XIV into a plausible claim, plaintiff would have to allege that

seller's actual damages are less than 20% of the purchase price. Plaintiff has not done so, and plaintiff's claim, as currently plead, is not plausible.

The Court dismisses Count XIV.

### G. Plaintiff's claims under the Interstate Land Sales Full Disclosure Act

In Count XVI of the second-amended complaint, plaintiff has included a claim under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, et seq.

Among other things, the Interstate Land Sales Full Disclosure Act allows a purchaser to revoke (for a period of two years from the date of signing the contract) a contract if the developer fails to include certain provisions. One of the provisions the developer is, thus, strongly encouraged to include is:

> that, if the purchaser or lessee loses rights and interest in the lot as a result of a default or breach of the contract or agreement which occurs after the purchaser or lessee has paid 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, the seller or lessor (or successor thereof) shall refund to such purchaser or lessee any amount which remains after subtracting (A) 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, or the amount of damages incurred by the seller or lessor (or successor thereof) as a result of such breach, which ever is greater, from (B) the amount paid by the purchaser or lessee with respect to the purchase price of the lot, excluding any interest paid under the contract or agreement

15 U.S.C. § 1703(d)(3).

In Count XVI, plaintiff asserts that defendant violated this section of the Interstate Land Sales Full Disclosure Act by failing to refund to him the amount that remained after subtracting from the earnest money the greater of (a) 15% or (b) defendant's actual damages. Plaintiff's claim is absurd. The statute does not require defendant to refund the difference. The statute does not even require defendant to include the provision. What the statute does is provide a

private right of action to revoke the contract for a period of two years if defendant *fails* to include the relevant provision.  As plaintiff has admitted in the allegations of his second-amended complaint (and as is clear from the Agreement which plaintiff attached to his second-amended complaint), defendant did not fail to include the provision.  Defendant included the provision.

Plaintiff's Count XVI fails as a matter of law and is dismissed with prejudice.

**IV.    Conclusion**

For the reasons set out above, the Court grants in part and denies in part defendant's motion to dismiss.  Counts IV and V are not dismissed.  All other claims (Counts I, II, III, VI, VII, VIII, XIII, XIV and XVI) are dismissed with prejudice, because plaintiff failed to state a claim after three attempts.

Defendant shall answer on or before July 12, 2011.  This case is set for a status hearing on July 19, 2011 at 11:00 a.m.

ENTER:

George M. Marovich
United States District Judge

DATED:   June 28, 2011